### PAKAS v. HOLLINGSHEAD et al.

(City Court of New York, General Term. November 21, 1899.)

SALE—CONTRACTS—CONSTRUCTION—FUTURE DELIVERY.

   A contract was made for the future delivery of goods, the terms being "sight draft, with documents attached." Held, that such terms merely required that a draft accompany the bill of goods delivered, and did not require a tender of payment before bringing suit for the nondelivery of the goods.

Appeal from special term.

Action by Solomon L. Pakas against William R. Hollingshead and another. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CON-LAN, JJ.

Spiegelberg & Wise, for appellants.

Max D. Steuer, for respondent.

CONLAN, J. This is an appeal from an interlocutory judgment overruling a demurrer to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action. The contract upon which suit is brought was an executory contract, providing for future delivery, the terms being, "sight draft, with documents attached; deliveries to begin immediately." The complaint alleges the failure to deliver more than a small portion of the goods contracted for, and a demand and refusal for the delivery of the balance. The defendants' contention is that, in order to lay a foundation for the action, there must have been an offer of payment accompanying the demand. The contract does not so state. The terms, "sight draft, with documents attached," are a condition imposed upon the defendants; for, surely, the plaintiff was not to make any drafts upon the defendants to pay for goods which the defendants were to deliver. If the terms imposed mean anything, they mean that a draft was to be made to accompany the bill of goods delivered, and the making of that draft was the office of the defendants; so that a refusal to deliver left no provision or necessity for a draft to be made or tendered with the bill of goods, as there had been no delivery or tender of the goods, and consequently no obligation created to pay for the same. But there had been a demand for delivery, and a refusal to deliver, and this relieves the plaintiff, and the allegations in the complaint were sufficient to entitle the plaintiff to recover. The order overruling the demurrer was one resting in the discretion of the justice making the same, and an opportunity was given to defendants to answer on terms, part of which was the giving of security. This is not an unusual course of events, and we are not disposed to interfere with the discretion exercised at special term.

We think the judgment should be affirmed. All concur.